# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA JUNG, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARRIOTT HOTEL SERVICES, INC., | : | |
|     Defendant. | : | NO. 09-4955 |

## MEMORANDUM

JUDGE GENE E.K. PRATTER                                                                 NOVEMBER 18, 2010

## Introduction

Plaintiff Anna Jung claims that Marriott Hotel Services, Inc. ("Marriott") is liable for injuries she sustained in an icy January 22, 2008 slip and fall accident that occurred on Marriott's premises in downtown Philadelphia.

Marriott seeks summary judgment, arguing that generally slippery conditions then extant permit invocation of the "hills and ridges" doctrine. Marriott further contends that Ms. Jung has adduced no competent evidence that Marriott allowed icy conditions to arise and then remain as the cause of Ms. Jung's fall. Thus, Marriott claims it cannot be held liable for the injuries she sustained.

Ms. Jung argues in opposition that generally slippery conditions were not prevailing at the premises at the time of her accident. She contends, instead, that she has marshaled competent evidence that she slipped on a discrete patch of ice on Marriott's property. As a result, Ms. Jung contends that Marriott could be held liable for her injuries, and that summary judgment should not be granted.

Having considered Marriott's Motion, Ms. Jung's Response, Marriott's Reply, as well as the oral arguments of counsel, the Court concludes that Marriott's Motion for Summary

Judgment must be denied for the reasons that follow.

**Legal Standard**

Upon motion of a party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted only if the moving party persuades the Court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if it could affect the result of the suit under governing law. Id.

Evaluating a summary judgment motion, the Court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the Court determines that there is no genuine issue of material fact, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 217, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

The party opposing summary judgment, here Ms. Jung, must support each essential element of her opposition with concrete evidence in the record. Celotex, 477 U.S. at 322-23. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." Anderson, 477 U.S. at 249-50 (citations omitted).  This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 642 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

**Discussion**

In their respective papers, the parties here largely dispute whether the "hills and ridges" doctrine applies to the facts of this case, or whether the operative facts are such that an exception to the "hills and ridges" doctrine applies.  In Pennsylvania, the "hills and ridges" doctrine "shields land owners or occupiers 'from liability for generally slippery conditions resulting from ice and snow' so long as the property owner or occupier 'has not permitted ice and snow to unreasonably accumulate in ridges or elevations' that remain for an unreasonable amount of time." Tameru v. W-Franklin, L.P d/b/a Sheraton Philadelphia Center City, 2008 WL 4274637, at *3 (E.D. Pa. Sept. 11, 2008) (quoting Convery v. Prussia Assoc., 2000 WL 233243, at *1 (E.D. Pa. Mar. 1, 2000)).

The doctrine, predicated on the assumption that icy formations are natural phenomena incidental to our climate, applies only where the snow and ice at issue are the result of natural accumulation following a recent snowfall.  Id.  To sustain a claim on the strength of the inapplicability of the protections of the doctrine, a plaintiff must prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the

3

property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." Rinaldi v. Levine, 176 A.2d 623, 625-26 (Pa. 1962).

There are two exceptions to the "hills and ridges" doctrine. First, liability can attach to a premises owner when conditions in the community are not generally slippery and when there is a localized, isolated patch of ice on that premises on which an individual slips. See Tonik v. Apex Garages, Inc., 275 A.2d 296 (Pa. 1971). Second, liability can arise when an icy condition is caused by the defendant's neglect. See Beck v. Holly Tree Homeowners Assoc., 689 F. Supp. 2d 756, 763 (E.D. Pa. 2010). "Where the hills and ridges doctrine is not applicable, courts consider traditional tort principles to determine whether the plaintiff has sufficiently stated a claim for negligence." Id. at 767.

Pennsylvania courts have adopted Section 343 of the Restatement (Second) of Torts, which specifically limits the liability of possessors of land to the public as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Carrender v. Fitterer, 469 A.2d 120 (Pa. 1983) (citing Restatement (Second) of Torts § 343). "Accordingly, absent notice of a dangerous or defective condition, a land owner cannot be liable

to an invitee injured by such a condition." Tameru, 2008 WL 4272637, at *4 (citing Myers v. Penn Traffic Co., 606 A.2d 926, 929 (Pa. Super. Ct. 1992) (to be held liable, a defendant "must have notice of the harmful condition")).

Here, Marriott argues that Ms. Jung admitted "general slippery conditions prevailed in the community as a result of the ongoing precipitation," and, therefore, the Court should apply the protective features of the "hills and ridges" doctrine to the facts of this case to insulate Marriott from liability. Specifically, Marriott points out that Ms. Jung testified at her deposition that at the time she entered the Marriott it was raining and sleeting, as it had been while she was on the bus heading to the Marriott. Jung Dep. 22-23, 26, 31. On the strength of this testimony, Marriott argues that Ms. Jung admitted generally slippery conditions existed in the community. Next, Marriot contends that Ms. Jung has no evidence that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians. Accordingly, Marriott argues that she cannot establish the first required element of the "hills and ridges doctrine," making summary judgment appropriate for Marriott.

In response, Ms. Jung contends that conditions were not generally slippery but that she slipped and fell on a discrete patch of ice, of which Marriott had notice. Therefore, Ms. Jung claims that the "hills and ridges" doctrine does not apply to her situation. Ms. Jung asserts that a defendant may be held liable where there is a specific, localized patch of ice, about which defendant knew. The premise of this exception to the doctrine is that it is comparatively easy for such a defendant to take necessary steps to alleviate that condition. Ms. Jung points to the deposition testimony of several Marriott employees to support her argument that only a discrete

patch of ice existed at the rear entrance to the Marriott:

>   (1) Teddy Mintarja, a valet, testified that he observed a "small, little black ice" on top of the hill at the site of Ms. Jung's fall. Mintarja Dep. at 45-46. Mr. Mintarja also testified that around 2:00 p.m. the day of Ms. Jung's fall, he informed a Marriott security guard that there was a patch of ice. Id. at 48. He saw Ms. Jung fall, but could not "run to her because it was slippery." Id. at 49.
>
>   (2) Chipp Biggs, a Marriott security officer, testified that on the day of Ms. Jung's fall he spoke with a "panhandler" who informed Mr. Biggs that he was "speaking to the people outside, informing them that the area was slippery and to be careful." Biggs Dep. at 39-40. Mr. Biggs also saw two other people slip on the area in question after speaking with the bystander, and requested that the valet manager put up a caution sign and that the driveway be salted. Id. at 42-45.
>
>   (3) James Lalley, a Marriott engineer, testified that there was an area of ice build-up limited to the valet check-in area, specifically on the red bricks at that location. See Lalley Dep. at 69.

In view of the evidence presented for the Court's consideration, and considering it in the light most favorable to Ms. Jung, the Court concludes that there is a material issue of fact as to whether conditions were generally slippery at the time of Ms. Jung's fall or whether Ms. Jung slipped on a discrete patch of ice. Accordingly, Defendant Marriott's Motion for Summary Judgment must be denied. An appropriate Order follows.